IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DESMOND B. WARREN,<br><br>Plaintiff,<br><br>v.<br><br>WILL COUNTY, and WILL COUNTY SHERIFF,<br><br>Defendants. | Case No. 1:24-cv-05219<br><br>Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Desmond B. Warren has sued Will County and Will County Sheriff (together "Defendants"), alleging violations of Title VII, Section 1983, and Section 1981. For the reasons stated herein, Defendants' partial motion to dismiss [7] is granted.

**I. Background**

The following factual allegations taken from the operative complaint [1] are accepted as true for the purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021).

Warren is a Black individual, [1] ¶ 6, who started working at the Will County Sheriff's (WCS) Office as a deputy sheriff in April 2014, [1] ¶ 11. Warren's job performance at all relevant times met or exceeded the WCS's legitimate expectations. [1] ¶ 15. Warren applied for a WCS SWAT team position in September 2020 and WCS told him on October 9, 2020, that he was not selected for the position. [1] ¶¶ 16-18. Warren applied for a position with the Tri County Auto Theft (TCAT) unit in

September 2021 and WCS told him later that month that he was not selected for the role. [1] ¶¶ 20-22. Warren applied for a detective position in WCS's Office in February 2022 and WCS told Warren in March 2022 that he was not selected for the position. [1] ¶¶ 24-26. Warren applied for another detective position in December 2022 and later that month WCS told him he was not selected for the role. [1] ¶¶ 28-30. Warren alleges that WCS selected less qualified, non-Black individuals for the positions he applied for between September 2020 and December 2022. [1] ¶¶ 19, 23, 27, 31.

In April 2023, Warren applied for a role with the WCS SWAT team and WCS selected Warren for the position. [1] ¶¶ 32-33, 36. In September 2023, Warren was certified as a field training officer (FTO) which allowed him to train new deputies. [1] ¶ 38. WCS assigned non-Black deputies that received the FTO certification at the same time as Warren multiple new officers to train, which allowed those deputies to earn extra pay, but WCS did not assign Warren a new officer to train despite Warren being the most experienced police officer in the group. [1] ¶¶ 40-43. In addition, WCS did not promote Warren to sergeant despite Warren being next on the promotion list between February 7, 2022 and February 7, 2024. [1] ¶¶ 58-63.

On December 7, 2023, Warren filed a charge of race discrimination in violation of Title VII with the Equal Employment Opportunity Commission (EEOC) against Defendants. [1] ¶ 4. On March 26, 2023, Warren received a Notice of Right to Sue in connection with his EEOC charge. [1] ¶ 5. On June 21, 2024, Warren filed this lawsuit against Defendants. Defendants move to dismiss Warren's race discrimination in violation of Title VII (Count I) and race discrimination in violation of Section 1983

2

(Count III) claims to the extent they rely on time-barred activity. Defendants also move to dismiss Warren's retaliation in violation of Section 1983 (Count VI) claim.

**Standard**

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax*, 20 F.4th at 1181. However, the court need not accept as true "statements of law or unsupported conclusory factual allegations." *Id.* (quoting *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021)). "While detailed factual allegations are not necessary to survive a motion to dismiss, [the standard] does require 'more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to be considered adequate.'" *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)).

II. **Analysis**

    A. **Overview**

In the partial motion to dismiss, Defendants argue that Warren's Title VII race discrimination (Count I) claim is time barred to the extent it relies on conduct before February 10, 2023, and Warren's Section 1983 race discrimination (Count III) claim is time barred to the extent it relies on conduct before June 21, 2022. [7] at 3-5. Defendants also argue that Warren failed to state a claim for First Amendment retaliation. [7] at 5-9. The Court takes Defendants' arguments in turn.

### B. Warren's Title VII race discrimination (Count I) claim is time barred to the extent it relies on conduct before February 10, 2023.

Warren filed his charge with the EEOC on December 7, 2023. [1] ¶ 4. Defendants argue that because only discrete discriminatory and retaliatory acts that occurred within 300 days of Warren's filing date are actionable under Title VII, all discrete acts alleged by Warren that occurred before February 10, 2023, including the denial of his SWAT application in October 2020, the denial of his TCAT application in September 2021, and the denial of both of his detective applications in 2022, are time barred and not actionable for purposes of Warren's Title VII race discrimination claim. [7] at 3-4. Plaintiff agrees with Defendants' argument. [14] at 1.[1] The Court grants Defendants' partial motion to dismiss on this issue. Plaintiff's Title VII race discrimination claim is dismissed to the extent it relies on conduct occurring before February 10, 2023.

---

[1] Plaintiff asserts that to the extent he agrees certain acts are time barred, he "is allowed to conduct discovery into (and seek admissibility at trial of) such time-barred acts/omissions and relevant surrounding facts/circumstances as background evidence in support of his timely claims." [14] at 1. The Court declines to address this issue at this time.

### C. Warren's Section 1983 race discrimination (Count III) claim is time barred to the extent it relies on conduct before June 21, 2022.

Warren filed this lawsuit on June 21, 2024. Defendants argue that because only discrete discriminatory and retaliatory acts that occurred within two years of the filing date are actionable under his Section 1983 claim, all discrete acts alleged by Warren that occurred before June 21, 2022, including the denial of Warren's SWAT application in October 2020, the denial of his TCAT application in September 2021, and the denial of his detective application in March 2022, are time-barred and not actionable for purposes of Warren's Section 1983 race discrimination (Count III) claim. [7] at 4-5. Plaintiff agrees with Defendants' argument. [14] at 1. The Court grants Defendants' partial motion to dismiss on this issue. Plaintiff's Section 1983 race discrimination claim is dismissed to the extent it relies on conduct occurring before June 21, 2022.

### D. Warren failed to state a First Amendment retaliation in violation of Section 1983 (Count VI) claim.

"To establish a claim for retaliation in violation of the First Amendment, a public employee first must prove that her speech is constitutionally protected." *Kubiak v. City of Chicago*, 810 F.3d 476, 481 (7th Cir. 2016). For a public employee's speech to be protected under the First Amendment, the employee must show that (1) he made the speech as a private citizen, (2) the speech addressed a matter of public concern, and (3) his interest in expressing that speech was not outweighed by the state's interests as an employer in "promoting effective and efficient public service."

5

*Swetlik v. Crawford*, 738 F.3d 818, 825 (7th Cir. 2013) (quoting *Houskins v. Sheahan*, 549 F.3d 480, 490 (7th Cir. 2008)).

Defendants argue Warren's EEOC charge, the speech that Warren alleges the Defendants retaliated against him for, did not address a matter of public concern. [7] at 5-9. In response, Warren does not directly address Defendants' argument. First, Warren appears to assert that Defendants' argument relies on the wrong pleading standard. [14] at 2-3. However, Warren only cites case law addressing sex and race discrimination claims and does not cite any case law discussing the pleading standard for First Amendment retaliation claims. For instance, Warren asserts that he "must only allege that Defendants took an adverse employment action against him because of his legally protected activities." [14] at 2-3. However, the cases that Warren cites in support of his statement make it clear that language does not apply to First Amendment retaliation claims. *See e.g., Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) ("[A] a complaint alleging sex discrimination [in violation of Title VII] need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex."). Then, Warren argues why he "should be allowed to conduct discovery to identify 'me too' Black deputies in support of his well-established widespread practice allegations." [14] at 3-4. This argument is not relevant to whether Warren can state a claim for First Amendment retaliation. The Court agrees with Defendants—Warren's EEOC charge did not address a matter of public concern.

In determining whether speech is a matter of public concern, a court must look to the "content, form, and context" of the speech. *Kristofek v. Vill. of Orland Hills*, 712 F.3d 979, 984 (7th Cir. 2013). Courts "must focus on the particular content (as opposed to the subject matter) of the speech." *Kubiak*, 810 F.3d at 483 (quoting *Bivens v. Trent*, 591 F.3d 555, 561 (7th Cir.2010)). Court's "ask whether the objective of the speech—as determined by content, form, and context—was to bring wrongdoing to light or to further some purely private interest." *Id.* (quoting *Kristofek*, 712 F.3d at 985).

The complaint includes limited information about the EEOC charge that Warren filed. Warren alleges that "on December 7, 2023, [he] timely filed a charge of illegal race discrimination in violation of Title VII against Defendants with the local district office of the EEOC, Charge No. 440-2024-02714." [1] ¶ 4. Warren's other allegations about the EEOC charge are statements of law that the Court need not accept as true. *Lax*, 20 F.4th at 1181. For instance, Warren alleges that he "spoke as a citizen about a matter of public concern when he filed his EEOC race discrimination charge in December 2023 [so] his speech was therefore constitutionally protected." [1] ¶ 102.

More instructive are Warren's allegations about the context in which he filed the EEOC Charge. Warren alleges that WCS denied him opportunities because of his race, including failing to hire and promote *him* to several positions. [1] ¶¶ 16-63. These types of allegations are private not public concerns. *See Sneed v. City of Harvey*, 6 F. Supp. 3d 817, 839 (N.D. Ill. 2013), aff'd sub nom. *Sneed v. City of Harvey, Ill.*, 598

7

F. App'x 442 (7th Cir. 2015) ("[Defendant] alleges that he was passed over for promotion in favor of less qualified candidates . . . [t]his is a purely private concern."). There are no allegations in Warren's complaint that public officials engaged in corruption. *Id.* ("Police corruption is generally a matter of public concern . . . ."). The relief that Warren seeks, including monetary damages and a promotion to sergeant, [1] at 16-17, focuses on personally making him whole and not widespread change to WCS's operation, *Kristofek*, 712 F.3d at 984 ("[I]f an objective of the speech was also to bring about change with public ramifications extending beyond the personal, then the speech does involve a matter of public concern."). Because Warren's EEOC filing was to further a purely personalized grievance and did not involve a matter of public concern, Warren cannot state a First Amendment retaliation claim. *See Bivens v. Trent*, 591 F.3d 555, 561 (7th Cir. 2010) ("The context and the form of [plaintiff's] grievance are consistent with the vindication of a personal interest, rather than a public concern, and the content of the grievance—while touching a subject of potential interest to the public—does not convince us that his purpose was anything other than personal."). The Court grants Defendants' motion to dismiss Warren's retaliation in violation of Section 1983 (Count VI) claim.

### III.   Conclusion

For the stated reasons, Defendants' partial motion to dismiss [7] is granted. Warren's Title VII race discrimination (Count I) claim is dismissed with prejudice to the extent it relies on conduct before February 10, 2023, Warren's Section 1983 race discrimination (Count III) claim is dismissed with prejudice to the extent it relies on

8

conduct before June 21, 2022, and Warren's retaliation in violation of Section 1983 claim (Count VI) is dismissed without prejudice.

E N T E R:

Dated: March 19, 2025

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge